**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| REYNALDO TORREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-01003-JD |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Before the Court is the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Reynaldo Torrez ("Petitioner") [Doc. No. 1], to which Respondents filed a Response [Doc. No. 6] contending that the Court should dismiss for lack of habeas jurisdiction. Petitioner did not reply. Upon consideration and for the reasons that follow, the Court DISMISSES the Petition without prejudice for lack of habeas jurisdiction.

## I.    <u>LEGAL STANDARDS</u>

The writ of habeas corpus is available to those held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And § 2241(c)(3) generally gives district courts jurisdiction over challenges to the legality of an alien's detention. *Rasul v. Bush*, 542 U.S. 466, 483 (2004); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

Courts employ a liberal construction to the legal sufficiency of pro se pleadings, "applying a less stringent standard than is applicable to pleadings filed by lawyers."

*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, the court will not "assume the role of advocate," *id.*, nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173–74.

## II.   <u>ANALYSIS</u>

The federal habeas statutes require the applicant to identify the person who has physical custody over him. An application for a writ of habeas corpus "shall allege . . . the name of the person who has custody over him." 28 U.S.C. § 2242. The writ, in turn, "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Those provisions fix as the proper respondent "'the person' with the ability to produce the prisoner's body before the habeas court," and ordinarily this is "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (quoting 28 U.S.C. § 2243); *see also* [Doc. No. 6 at 4–6].

*Padilla*'s footnoted reservation of "the question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation," does not counsel a different conclusion. 542 U.S. at 435 n.8. In *Padilla*, the petitioner *did* name his immediate physical custodian—the commander of the naval brig in which he was confined. *Id.* at 432. He also named the Secretary of Defense and the President. *Id.* The question was whether jurisdiction over those higher-level legal custodians in the

2

Southern District of New York could overcome the absence of jurisdiction over the *named* brig commander custodian in South Carolina. *Id.* at 445–47. The Supreme Court held it could not. *Id.* at 442. *Padilla* thus addressed whether the presence of legal custodians could compensate for a defect of jurisdiction over a *named* physical custodian. *Padilla* (and its footnoted reservation) did not contemplate a petition in which *no* physical custodian is named at all, in direct contravention of the habeas statutes, which limit district courts to issuing "the writ only 'within their respective jurisdictions.'" *Id.* at 447–48 (quoting 28 U.S.C. § 2241).

And that is what happened here. Petitioner has not named an immediate custodian. This defect is not some short-term or transient oversight. Roughly two months have passsed since Respondents raised this defect. *See* [Doc. No. 6 at 4–6] (filed May 21, 2026). In that time, Petitioner has not replied, moved to amend the Petition, or otherwise attempted to add any physical custodian. On this record, Petitioner has disclaimed any intent to cure the defect. He has not invoked this Court's habeas jurisdiction. 28 U.S.C. §§ 2241, 2242, 2243; *Padilla*, 542 U.S. at 434–35. Consequently, the Court dismisses without prejudice the Petition for lack of habeas jurisdiction.

## III.    <u>CONCLUSION</u>

For these reasons, the Court DISMISSES the Petition for Writ of Habeas Corpus [Doc. No. 1] without prejudice for lack of statutory habeas jurisdiction. A separate judgment will follow.

IT IS SO ORDERED this 14th day of July 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE